CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LABARRY ANDRE BEELER,      ) | |
|     Petitioner,      ) | Case No. 7:25-cv-00912 |
| v.      ) | |
|       ) | |
| WARDEN KEMSY BOWLES,      ) | By: Michael F. Urbanski |
|     Respondent.      ) | Senior United States District Judge |

## MEMORANDUM OPINION

LaBarry Andre Beeler, a state inmate proceeding pro se, has filed a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because Beeler has not obtained prefiling authorization from the United States Court of Appeals for the Fourth Circuit, the court **DISMISSES** the petition without prejudice for lack of jurisdiction.

### Background

In 1998, Beeler was convicted of first-degree murder in the Circuit Court of Culpeper County, Virginia. The Circuit Court imposed a sentence of life imprisonment. Beeler did not appeal his conviction or sentence.

In 2001, Beeler filed his first petition for habeas corpus relief under § 2254. See Beeler v. Angelone, No. 7:01-cv-00085 (W.D. Va.). The petition was dismissed as untimely on March 2, 2021. Beeler appealed the decision to the United States Court of Appeals for the Fourth Circuit, and on September 25, 2021, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. Beeler v. Angelone, 17 F. App'x 185 (4th Cir. 2001).

Beeler filed a second petition for habeas corpus relief under § 2254 in July 2016. Beeler v. Clarke, No. 7:16-cv-00358. The petition was dismissed on May 30, 2017.

On December 10, 2025, Beeler filed the present petition challenging the validity of his conviction. He contends that the conviction is invalid because "[the] indictment failed to allege malice aforethought, a required element of murder under Va. Code § 18.2-32." Pet., ECF No. 1, at 4.

## Discussion

Pursuant to 28 U.S.C. § 2244, a state prisoner typically has "one chance to bring a federal habeas challenge to his conviction." Banister v. Davis, 590 U.S. 504, 509 (2020). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." Id. (citing 28 U.S.C. § 2244(b)(3)(C)). "[S]ection 2244 also makes clear that district courts must ('shall') dismiss any second or successive § 2254 petition or claim that the court of appeals has not authorized." Bixby v. Stirling, 90 F.4th 140, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 2244(b)); see also Jenkins v. Terry, 742 F. App'x 790, 791 (4th Cir. 2018) ("In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear a successive § 2254 petition.").

As indicated above, Beeler previously filed a § 2254 petition that was dismissed as untimely. A petition dismissed on that ground counts as a first petition that triggers § 2244's limitations on successive petitions. See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (collecting cases); see also Stapleton v. United States, 392 F. Supp. 2d 754, 756 (W.D. Va. 2005) (concluding in the context of a 28 U.S.C. § 2255 motion that the dismissal of a prior motion as untimely renders successive any § 2255 motions challenging the same conviction or sentence). Beeler then unsuccessfully filed a second petition for habeas corpus relief under

2

§ 2254 challenging the same conviction. Consequently, his present petition is plainly successive. Because Beeler has not obtained prefiling authorization from the Fourth Circuit, the court lacks jurisdiction to consider the petition.

## Conclusion

For the reasons stated, Beeler's petition is **DISMISSED** without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18
15:29:03 -05'00'

Michael F. Urbanski
Senior United States District Judge